IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD C. HUNT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 15-1095-GMS |
| | ) |
| DR. RICHARD LYNCH, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

## I. BACKGROUND

The plaintiff, Richard C. Hunt ("Hunt"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit on November 25, 2015, pursuant to 42 U.S.C. § 1983. (D.I. 3.) Hunt appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 5.) Hunt requests counsel and states that he suffers from multiple mental health conditions including schizophrenia, manic depression, psychotic features, depression, sexual identity disorder, and attention deficit hyperactivity disorder. Hunt indicates that he currently takes medication to treat his schizophrenia. (*See* D.I. 7.)

## II. STANDARD OF LAW

Federal Rule of Civil Procedure 17(c)(2) provides that "[t]he court must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action." The United States Court of Appeals for the Third Circuit has determined that the district court has a responsibility to inquire *sua sponte* under Rule 17(c)(2), whether a *pro se* litigant is incompetent to litigate his action and, therefore, is entitled to either appointment of a guardian ad litem or other measures to protect his rights. *See Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 2012).

The court considers whether Rule 17(c) applies "[i]f a court [is] presented with evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or if the court receive[s] verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent." *Powell*, 680 F.3d at 307 (citing *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003)). The court "need not inquire *sua sponte* into a *pro se* plaintiff's mental competence based on a litigant's bizarre behavior alone, even if such behavior may suggest mental incapacity." *Id.* at 303 (citations omitted). The decision whether to appoint a next friend or guardian ad litem rests with the sound discretion of the district court. *Powell*, 680 F.3d at 303.

## III. DISCUSSION

In the instant motion, Hunt makes bald allegations of mental disorders without the submission of any verifiable evidence of incompetence to this court. Hunt provided the court with a letter to support his claim of mental illness that describes Hunt's condition and indicates that he takes medication for his condition, similar to what is contained in the instant motion. (D.I. 7, ex. 1A.) However, other than the description, the letter contains no evidence regarding Hunt's mental condition. Thus, this court has no duty to conduct a *sua sponte* determination of competency under Rule 17(c)(2).

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[1] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron*

---

[1] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

*v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

Hunt seeks counsel on the grounds that he: (1) suffers from multiple mental health conditions; (2) has made adequate attempts to obtain counsel; (3) is "unlettered" in legal matters; (4) lacks education; and (5) needs representation to aid in discovery. Hunt also states that an expert witness will be necessary due to the complexity and difficulty of the case.

Assuming, solely for the purpose of deciding this motion, that Hunt's claims have merit in fact and law, several of the *Tabron* factors militate against granting his request for counsel. To date, the filings in this case demonstrate Hunt's ability to articulate his claims and represent himself. Also, his filings indicate that he possesses the ability to adequately pursue his claims. Finally, this case is in its early stages and the defendants have not yet been served. Upon consideration of the record, the court is not persuaded that representation by an attorney is

warranted at this time. The court can address the issue at a later date should counsel become necessary. Thus, request for counsel will be denied without prejudice to renew.

## IV. CONCLUSION

For the above reasons, the court will deny Hunt's request for counsel without prejudice to renew. (D.I. 7.)

_____
UNITED STATES DISTRICT JUDGE

__March 21__, 2016
Wilmington, Delaware